FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 SEP 29  PM 12: 45

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER PERCY                                   CIVIL ACTION

VERSUS                                              NUMBER: 05-0619

N. BURL CAIN, WARDEN                                SECTION: "B"(5)


## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the application for federal habeas corpus of petitioner, Christopher Percy, and the State's response thereto. (Rec. docs. 1, 6). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Percy's petition be dismissed with prejudice.

Petitioner Percy is a state prisoner who is presently incarcerated at the South Louisiana Correctional Center, Basile, Louisiana. On February 10, 2000, Percy was found guilty of attempted first degree murder of a peace officer after trial, by jury, in the Twenty-Fourth Judicial District Court for the Parish

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

of Jefferson, State of Louisiana. On May 8, 2000, Percy was sentenced to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. The State subsequently filed a bill of information accusing Percy of being a second felony offender under LSA-R.S. 15:529.1. Following a hearing on the matter, Percy was adjudicated a second felony offender as charged, whereupon his fifteen-year sentence was vacated and he was resentenced to twenty-five years under R.S. 15:529.1.

Percy directly appealed his conviction, alleging that the evidence presented at trial was insufficient to support the verdict of guilt. On June 26, 2002, the Louisiana Fifth Circuit Court of Appeal affirmed Percy's conviction but remanded the matter to the trial court to formally advise petitioner of the time period for seeking post-conviction relief under LSA-C.Cr.P. Art. 930.8. <u>State v. Percy</u>, 822 So.2d 823 (La. App. 5th Cir. 2002). When Percy failed to seek writs within the thirty-day period prescribed by Rule X, §5(a) of the Rules of the Louisiana Supreme Court, his conviction became final at the expiration of that time period, or July 27, 2002. <u>See</u> <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir. 2003)("conviction becomes final when the time for seeking further direct review in the state court expires.").

On August 14, 2002, some seventeen days after his conviction had become final, Percy signed his first post-conviction relief application ("PCRA") that was formally filed in the trial court on

August 26, 2002. (St. ct. rec., vol. 2 of 6, tab 1). In that PCRA, Percy presented the following claims:

1. denial of the right to a fair and impartial jury based on:

   a. the lack of a hearing to prove bias on the part of a juror who was allegedly a retired police officer; and

   b. racial discrimination in the State's use of its peremptory challenges.

2. conviction against the weight of the evidence.

3. conviction obtained by the use of inadmissible evidence based on:

   a. the State's reference to inadmissible other crimes evidence in its opening statement; and

   b. wrongful admission of other crimes evidence at trial.

4. ineffective assistance of trial counsel.

5. denial of the right to testify.

(Id. at pp. 5-8).

On October 28, 2002, the state trial court denied Percy's first PCRA, finding his first and third claims to be procedurally barred on his failure to urge them on direct appeal, finding his second claim to be procedurally barred as having been litigated on direct appeal, and finding his fourth and fifth claims to be without merit. (St. ct. rec., vol. 2 of 6, tab 3). From the latter ruling, Percy sought writs from the Louisiana Fifth Circuit

3

which denied the requested relief on December 5, 2002.[1]/ <u>State v. Percy</u>, No. 02-KH-1190 (La. App. 5th Cir. Dec. 5, 2002)(unpublished order).(St. ct. rec., vol. 2 of 6, tab 4). Once again, Percy did not seek review of the Louisiana Fifth Circuit's decision by the Louisiana Supreme Court within the thirty days allowed by Rule 10, §5(a).

On March 5, 2003, Percy signed his second PCRA that was subsequently filed in the state trial court on March 13, 2003. (St. ct. rec., vol. 2 of 6, tab 5). In that PCRA, Percy alleged that he had been denied the effective assistance of appellate counsel based on counsel's failure to urge on direct appeal the first, third, and fifth claims Percy had presented in his first PCRA. (<u>Id</u>. at pp. 6-7). On March 25, 2003, the trial court denied Percy's successive PCRA as repetitive, noting that certain of his claims had been presented in his first PCRA and rejected. (St. ct. rec., vol. 2 of 6, tab 6). Percy then sought writs from the Louisiana Fifth Circuit which that court denied on May 2, 2003, finding "no error in the trial court's ruling of March 25, 2003

---

[1]/ Percy's writ application to the Louisiana Fifth Circuit is not included in the state court record provided by the respondent. The Court is thus unable to determine when that writ application was signed or the date on which it was given to prison officials to be mailed to the court. The copy of the writ application that is attached to Percy's federal habeas petition sheds no light on either of these two points.

..."[2]/ State v. Percy, No. 03-KH-508 (La. App. 5th Cir. May 2, 2003)(unpublished order).(St. ct. rec., vol. 2 of 6, tab 7). From that adverse ruling, Percy this time sought writs from the Louisiana Supreme Court, framing the issues for judicial review as follows:

1. [a]ppellant contends that the Fifth Circuit court incorrectly denied petitioner's Writ of Certiorari based on the grounds that the application disclosed no error in [the] trial court's ruling.

2. [a]ppellant contends that the Fifth Circuit/district court incorrectly denied petitioner's application for [p]ost [c]onviction [r]elief on the grounds of being [r]epetitive.

3. [i]neffective assistance of [a]ppeal counsel based on counsel's failure to raise the following grounds:

   a. [d]enial of the right to a fair and impartial jury.

   b. [c]onviction obtained by [the] use of inadmissible evidence.

   c. [i]neffective assistance of counsel.

   d. [d]enied the right to testify.

   (St. ct. rec., vol. 6 of 6, tab 11, pp. 5-7).

The signed copy of Percy's sole writ application to the Louisiana Supreme Court is dated May 22, 2003, which is within thirty days of the Louisiana Fifth Circuit's ruling of May 2, 2003.

---

[2]/ This writ application is also not included in the state court record and the copy of it that is attached to Percy's petition is unsigned, undated, and unmetered.

5

The writ application was formally filed by the Louisiana Supreme Court on August 1, 2003 and bears the notation "P.M. 6/16/03" above the filing stamp. (St. ct. rec., vol. 6 of 6, pp. 8, 9, 1). However, also included in the state court record is an internal memo from personnel of the trial court dated June 2, 2003, attached to which is an unsigned, undated copy of Percy's Louisiana Supreme Court writ application, which indicates that the lower court had received said writ application in error and directing that it be sent to the Louisiana Supreme Court for its consideration. (St. ct. rec., vol. 2 of 6, tab 8). The state court record additionally contains an acknowledgment letter from the Clerk of the Louisiana Supreme Court indicating that that tribunal had received and filed Percy's writ application on August 1, 2003 and that "[t]he filing was post marked on 6/16/2003." (St. ct. rec., vol. 2 of 6, tab 9). On July 2, 2004, the Louisiana Supreme Court denied Percy's sole writ application to that tribunal without written reasons. <u>State ex rel. Percy v. State</u>, 877 So.2d 138 (La. 2004). Percy signed his federal habeas petition two hundred eighteen days later on February 6, 2005. (Rec. doc. 1, p. 6). In it, he presents the following claims for relief:

    1.    denial of the right to a fair and impartial jury based on:

        a.    the lack of a hearing to prove bias on the part of a juror who was allegedly a retired police officer; and,

        b.    racial discrimination in the State's use of its

>             peremptory challenges.
>
> 2.   conviction against the weight of the evidence.
>
> 3.   conviction obtained by the use of inadmissible evidence based on:
>
>     a.   the State's reference to inadmissible other crimes evidence in its opening statement; and,
>
>     b.   wrongful admission of the other crimes evidence at trial.
>
> 4.   ineffective assistance of trial counsel.
>
> 5.   ineffective assistance of appellate counsel.
>
>                                             (Rec. doc. 1, pp. 7-9, 12).

In responding to Percy's petition, the State first argues that it is untimely under 28 U.S.C. §2244(d) and should be dismissed as such.  In calculating the one-year limitation period prescribed by that statute and the time that it may have been tolled under §2244(d)(2), the State relies on the dates on which Percy's two PCRA's were formally filed in the trial court rather than the dates on which he signed the PCRA's or delivered them to prison officials to be mailed to the court.  See, e.g., Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995); Colarte v. LeBlanc, 40 F.Supp. 2d 816, 817 (E.D. La. 1999); Magee v. Cain, 2000 WL 1023423 at *4 n.2 (E.D. La. 2000), aff'd, 253 F.3d 702 (5th Cir. 2001)(table); Punch v. State, 1999 WL 562729 at *2 n.3 (E.D. La. 1999).  Notwithstanding their absence from the state court record, the State also utilizes as the filing dates for Percy's two most recent

writ applications to the Louisiana Fifth Circuit the dates stamped on the top of the orders denying those writs which pre-date the dates of those orders by a mere two or three days, an extremely brief time frame within which the writ applications could have been docketed and duly considered.  Finally, the State asserts that Percy's sole writ application to the Louisiana Supreme Court was untimely by relying on the dates set forth in the internal memo and acknowledgment letter described above rather than the date Percy actually signed the application or the date that it was placed in the hands of prison officials for mailing.  Because the Court has before it no first-hand, concrete evidence establishing precisely when the foregoing filings were given to jail officials for mailing, and in light of the absence of the Louisiana Fifth Circuit writ applications from which his signing dates can be ascertained, the Court pretermits a decision on the State's timeliness defense and proceeds to its other arguments.

As an alternative to its time-bar argument, the State asserts that Percy has failed to exhaust available state court remedies as to his first four claims for relief herein.  As noted in the procedural history set forth above, Percy has been before the Louisiana Supreme Court on one sole occasion.  In that proceeding, he complained only of the denial of his second PCRA as repetitive and ineffective assistance of appellate counsel.

Exhaustion of state court remedies is typically a condition

precedent to a federal habeas court's review of the merits of a petitioner's claims for relief. 28 U.S.C. §2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982). The exhaustion requirement is satisfied only where the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper fashion. <u>Knox v. Butler</u>, 884 F.2d 849, 852 n.7 (5th Cir. 1989), <u>cert</u>. <u>denied</u>, 494 U.S. 1088, 110 S.Ct. 1828 (1990); <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988). Related to the exhaustion requirement is the doctrine of procedural default, another separate but distinct limit on the availability and scope of federal habeas review. See <u>Nobles v. Johnson</u>, 127 F.3d 409, 420-23 (5th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1139, 118 S.Ct. 1845 (1998). "A procedural default ... occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims would now find the claims procedurally barred.'" <u>Id</u>. at 420 (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1 (1991)); <u>Sones v. Hargett</u>, 61 F.3d 410, 416 (5th Cir. 1995).

With limited exceptions not relevant here, Article 930.8 of the Louisiana Code of Criminal Procedure provides that no application for post-conviction shall be considered by the state courts if it is filed more than two years after the judgment of conviction and sentence of a defendant have become final. The Fifth

Circuit has determined that Article 930.8 constitutes an independent and adequate state rule that is regularly applied by the state courts. <u>Glover v. Cain</u>, 128 F.3d 900, 902 (5th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

As noted above, the claims for relief that Percy numbers as one, two, three, and four herein have never been presented to the Louisiana Supreme Court for its consideration. It would now be too late for him to do so in light of Article 930.8. Accordingly, federal habeas review of those four claims is procedurally barred unless Percy can establish cause for his procedural default and actual prejudice as a result of the constitutional violations, or if he can demonstrate that the failure to entertain the claims will result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

Percy cannot establish cause for failing to bring his first four claims to the attention of the Louisiana Supreme Court prior to the expiration of the time period set forth in Article 930.8. Although the four claims were presented to the trial court and the Louisiana Fifth Circuit in the context of Brown's first PCRA back in 2002, they were not thereafter presented to the Louisiana Supreme Court for its consideration. No external impediment prevented him from doing so. Without a showing of cause, the Court need not consider the element of prejudice. <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 494-95, 106 S.Ct. 2639, 2649 (1986). Likewise,

because Percy makes no colorable showing of actual innocence, he has not demonstrated that a fundamental miscarriage of justice will occur if his first four claims are not considered. Glover, 128 F.3d at 904.

The State additionally argues that federal habeas review of Percy's fifth claim, i.e., ineffective assistance of appellate counsel, is procedurally barred based on his failure to litigate said claim in the state court system according to the rules prescribed for that purpose. When presented with that claim in Percy's second PCRA, the state trial court, the last tribunal to issue a reasoned opinion with respect to the claim, found the PCRA to be successive to Percy's first and denied it as repetitive. On that score, Article 930.4(E) of the Louisiana Code of Criminal Procedure provides that "[a] successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."

Federal habeas review of a constitutional claim is barred by the procedural default doctrine if the last state court to review the claim clearly and expressly states that its judgment rests on a procedural bar, provided that the bar constitutes an independent and adequate state procedural rule that is regularly applied by the state courts. Coleman, supra; Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038 (1989). In order to satisfy the independence requirement, the last state court rendering a judgment in the case

must "clearly and expressly" indicate that its judgment rests on a state procedural bar. Harris, 489 U.S. at 263, 109 S.Ct. at 1043; Amos v. Scott, 61 F.3d 333, 338 (5th Cir.), cert. denied, 516 U.S. 1005, 116 S.Ct. 557 (1995). Where the last reasoned opinion of the state court to consider the claim explicitly imposes a procedural bar, it is presumed that later state courts silently rejecting the claim did not disregard the bar. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594 (1991). A state procedural rule is "adequate" when it is strictly and regularly followed and applied evenhandedly to the vast majority of similar claims. Amos, 61 F.3d at 339. A presumption of adequacy arises when a state court expressly relies on a procedural bar in deciding not to review a claim for collateral relief. Lott v. Hargett, 80 F.3d 161, 165 (5th Cir. 1996). Article 930.4(E) has been found to be an independent and adequate state procedural rule barring federal habeas review. Williams v. Cain, 190 F.3d 538 (5th Cir. 1999)(table); Washington v. Cain, 2000 WL 863980 at *3-4 (E.D. La. 2000).

In light of the foregoing authorities, federal habeas review of Percy's fifth claim for relief is barred by the procedural default doctrine. Just as is the case with claims which are procedurally barred due to non-exhaustion, an exception to this species of the doctrine exists if Percy can show cause and prejudice, or if he demonstrates a fundamental miscarriage of justice. Coleman, 501 U.S. at 750, 111 S.Ct. at 2565. On that

point, as no external impediment presented Percy from litigating his ineffective-assistance-of-appellate-counsel claim in his first PCRA, federal habeas review of that claim is foreclosed here. See Moore v. Roberts, 83 F.3d 699, 703 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772 (1997).

However, even if the Court were free to review the merits of Percy's fifth claim, it would still recommend that relief be denied. Percy asserts that his appellate counsel was ineffective for failing to urge on direct appeal that portion of Percy's first claim dealing with alleged bias on the part of a juror.[3]/ Because Percy's appellate counsel did raise one non-frivolous assignment of error on direct review and there has therefore been no active or constructive complete denial of appellate counsel, petitioner must establish both deficient performance and prejudice as required by Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). Smith v. Robbins, 528 U.S. 259, 285-86, 120 S.Ct. 746, 764 (2000); Sharp v. Puckett, 930 F.2d 450, 451-52 (5th Cir. 1991). Appellate "[c]ounsel need not raise every nonfrivolous ground of appeal, but should instead present '[s]olid, meritorious arguments based on directly controlling precedent.'" Schaetzle v. Cockrell, 343 F.3d 440, 445 (5th Cir. 2003), cert. denied, 540 U.S. 1154, 124

---

[3]/ Although Percy complained of four specifications of appellate counsel's alleged ineffectiveness in his sole writ application to the Louisiana Supreme Court, he has abandoned three of them in his habeas petition. (See st. ct. rec., vol. 6 of 6, tab 11, p. 7; rec. doc. 1, memo. at pp. 3-7).

13

S.Ct. 1156 (2004)(quoting United States v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999)). The Fifth Circuit has held that appellate counsel is not ineffective merely because he fails to raise issues requested by a defendant, Hamilton v. McCotter, 772 F.2d 171, 182 (5th Cir. 1985), nor is counsel ineffective for failing to raise every possible point on appeal. Wicker v. McCotter, 783 F.2d 487, 497 (5th Cir.), cert. denied, 478 U.S. 1010, 106 S.Ct. 3310 (1986).

A review of the state court record reveals that following a lunch recess on the second day of trial, defense counsel informed the trial judge that an anonymous person had called an unidentified court employee and advised that one of the jurors was a retired police officer and could not be impartial. Counsel therefore asked if the particular juror could be questioned to assess whether there was any possible bias on his part. After hearing argument from both sides, the trial judge denied the defense's request, noting that counsel had made no inquiry about potential jurors' prior occupations during the course of voir dire the previous day.[4]/ (St. ct. rec., vol. 4 of 6, pp. 76(360)-83(367)). Implicit in that ruling was the trial judge's determination that the sworn jury continued to be impartial despite the defense's unconfirmed, second-hand report of juror bias.

---

[4]/ The Court has before it no properly-exhausted claim that trial counsel was ineffective for failing to question the prospective jurors about their prior occupations.

Given the wholly speculative, insubstantial nature of the reported juror bias, the Court is unable to conclude that Percy's appellate counsel was ineffective for failing to urge the claim in petitioner's direct appeal. Moreover, given the overwhelming evidence of Percy's guilt, the result of Percy's criminal proceedings would have been no different even if counsel had performed as petitioner suggests. Green v. Lynaugh, 868 F.2d 176, 177 (5th Cir.), cert. denied, 493 U.S. 831, 110 S.Ct. 102 (1987).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the applications for federal habeas corpus relief of Christopher Percy be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

Baton Rouge, ~~New Orleans,~~ Louisiana, this 28 day of Sept, 2005.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE